COMMONWEALTH *vs.* PATRICK MCNAMEE.

Proof that one has been drunk from five to seven times upon as many different days within
a period of between three and four months, with no other evidence of his condition at
other times, will justify a jury in convicting him as a common drunkard, and he is not
entitled to a ruling that he is to be presumed to have been sober upon those days upon
which he is not proved to have been drunk.

COMPLAINT for being a common drunkard from August 15,
1872, to December 7, 1872.

At the trial, upon appeal, in the Superior Court, before *Rock-
well*, J., the district attorney claimed that there was evidence
tending to show that the defendant was drunk on from five to
seven different occasions on as many different days within the
period mentioned in the complaint. The court instructed the
jury that the defendant must be presumed to be innocent until
he was proved to be guilty of the charge; but if it was proved
that on certain days within the period he was drunk, and there
was no other evidence as to his condition during the rest of the
period, it was not to be presumed that he was sober during the
rest of the period; that the presumption of innocence did not
apply in that way. The defendant requested the court to rule
and instruct the jury that the defendant was to be taken as sober
during the time covered by the complaint, except the times and
occasions when he was shown to be drunk. The court refused to
rule and instruct as requested, but gave instructions on this point
as follows: " The defendant is charged in the complaint to have
been a common drunkard from August 15 to December 7, 1872.
Upon this charge he is to be presumed to be innocent; that is, he
is presumed not to be a common drunkard; but the jury are not
to be instructed that because it is proved that a defendant was
drunk five times in four months, and no proof is given of his
condition the remainder of the four months, it is to be presumed
that he was sober and not intoxicated during all the remainder of
the time. The question is, whether the facts proved satisfy the
jury beyond a reasonable doubt, that during the time specified in
the complaint he was a common drunkard. One way to state it

is this : Can the facts proved be true, on the supposition that he was not, during that time, habitually a drunkard ? "

The jury returned a verdict of guilty, and the defendant excepted.

*S. T. Spaulding*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

AMES, J. The charge of being a common drunkard can be substantiated, without proving that the person accused of it has been constantly drunk during the time covered by the complaint, or even that his drunkenness was a matter of daily occurrence. The law nowhere undertakes to define how many instances of intoxication, in any given time, shall be deemed sufficient to fix upon a man the imputation of being a common drunkard. The use of the word " common " imports frequency, and it has been held that to convict a man upon such a charge, it must be shown that he is an habitual drunkard. *Commonwealth* v. *Whitney*, 5 Gray, 85. In this, as in all other criminal cases, the burden of proof is upon the prosecution, and the question whether the evidence offered satisfies the jury beyond reasonable doubt of the truth of the charge, is for them to settle. It does not appear, however, that he is entitled to a specific ruling that he is affirmatively to be presumed sober on days as to which no evidence is offered. What he is entitled to is the general presumption of innocence of the charge preferred against him. His rights are sufficiently protected if the jury are instructed that that presumption stands good against everything except what is specifically proved against him beyond reasonable doubt. That instruction was distinctly given, and the effect of it was to leave the jury to determine whether the affirmative evidence before them, taken by itself, and leaving out of view entirely the days as to which there was no direct evidence, convinced them beyond reasonable doubt that the defendant's intoxication was so frequent as to amount to habitual drunkenness. The remarks of the judge as to those days may have been somewhat deficient in clearness, but the rule finally given to the jury was correct.

*Exceptions overruled.*